IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. H-05-3374 |
| v. | § § | |
| TEXAS EAR, NOSE & THROAT CONSULTANTS, P.L.L.C. | § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STRIKE PRIVILEGED COMMUNICATIONS
AND PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND**

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), responds as follows to Defendant's motion to strike allegedly privileged communications from paragraphs 10, 11, 13 and 15 of Plaintiff's Original Complaint.

**I. PROCEDURAL HISTORY**

On September 30, 2005, EEOC filed an Original Complaint which alleged, inter alia, that Defendant Texas Ear, Nose & Throat Consultants, P.L.L.C. ("TENT") subjected Practice Administrator Sally Farris to harassment and unlawfully terminated her "in retaliation for opposing what she believed to be unlawful employment practices, specifically for reporting actions by a TENT physician she reasonably believed could be sexual harassment or result in sexual harassment liability." Dkt. #1 at p.1, ¶1.  We allege in paragraphs 10, 11, 13 and 15 of Plaintiff's Original Complaint the actions Ms. Farris took which constituted protected activity under Title VII of the Civil Rights Act of 1964, as amended, including contacting TENT's attorney.  See id. at pp. 3-5, ¶¶10, 11, 13, 15.

On November 14, 2005, Defendant TENT filed a Motion to Strike Privileged Communications, moving to strike in paragraphs 10, 11, 13 and 15 of Plaintiff's Original Complaint all references "to what Ms. Farris said to TENT's attorney or what the attorney told her as these communications were for the purpose of obtaining legal advice or were legal advice subject to the privilege accorded attorney-client communications."[1]  Dkt. #9 at p.2, ¶4.

As explained in greater particularly below, most of the language Defendant moves to strike relates to purely factual events which are not subject to the privilege accorded attorney-client communications, including two written contacts Ms. Farris initiated on her own behalf to TENT's attorney for purposes of reporting mistreatment she suffered after bringing a subordinate employee's complaint before TENT's Board of partner physicians.  EEOC agrees to remove language that arguably could be construed as privileged from paragraph 10 of its Original Complaint.

## II. ARGUMENT AND AUTHORITY

A.    The Attorney-Client Privilege Protects Only Confidential Communications, Not Facts.

The burden of proof is on the individual asserting the privilege to demonstrate an attorney-client relationship.  See United States v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978), cert. denied, 439 U.S. 829 (1978). The privilege applies only if:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [a] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a

---

[1] In conferring pursuant to Local Rule 7 of the Rules of the United States District Court for the Southern District of Texas, Houston Division, Plaintiff offered, without conceding, to voluntarily strike portions of paragraph 10 of its Original Complaint, including the second clause of the last sentence: "which included directly confronting the physician about his behavior while keeping the identity of the employee witness confidential."

crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Id.  It is well recognized that the privilege protects only communications, not facts.  Identifying facts about the client or attorney, and even the scope or objective of the attorney-client relationship is not treated as confidential communications to which the privilege applies.  See Upjohn Co. et al v. United States, 449 U.S. 383, 395-96 (1981); see also In re LTV Securities Litigation, 89 F.R.D. 595, 603 (N.D. TX 1981).

Moreover, "[i]nquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected by the privilege." Nguyen v. Excel Corp., 197 F.3d 200, 206 (5th Cir. 1999); See also United States v. White, 887 F.2d 267, 271 (D. C. Cir. 1989)("A general assertion lacking substantive content that one's attorney has examined a certain matter is not sufficient to waive the attorney-client privilege.").  Similarly, in In re LTV Securities Litigation, 89 F.R.D. 595, 603 (N.D. TX 1981), the court rejected Defendants' claim of privilege concerning information revealing the general nature of the review its counsel was requested to make of certain documents.

Defendant fails to carry its burden.  Sally Farris was TENT's Practice Administrator, i.e. the medical office manager.  Defendant argues without citation that as such, "Ms. Farris has a duty to maintain in confidence privileged communications made and received in the course and scope of her employment."  Dkt. #9 at p.1, ¶2.  Defendant further summarily asserts that all references in paragraphs 10, 11, 13 and 15 of Plaintiff's Original Complaint "to what Ms. Farris said to TENT's attorney or what the attorney told her" should be striken because "these communications were for the purpose of obtaining legal advice or were legal advice subject to the privilege accorded attorney-client communications." Id. at p.2, ¶4.  However, most of the

language at issue relates to purely factual events, including instances when Ms. Farris initiated contact to TENT's attorney on her own behalf, not to secure legal advice for TENT, but rather to report her own mistreatment for having brought a subordinate employee's complaint before TENT's Board.

B.   <u>Language in Paragraph 10 and 11 of Plaintiff's Original Complaint That Does Not Reveal the Substantive Content of the Attorney's Advice Should Not Be Stricken.</u>

Paragraph 10 of Plaintiff's Original Complaint alleges in pertinent part:

> "Ms. Farris ultimately contacted TENT's attorney to discuss what steps should be taken and was advised that she should present the matter to TENT's Board for further action.  The attorney indicated a course of action that should be taken by the Board, which included directly confronting the physician about his behavior while keeping the identity of the employee witness confidential."

Dkt. #1 at p. 3, ¶10.  **Defendant admits "...Ms. Farris contacted TENT's attorney."**  Dkt. #10 at p.3, ¶10.  EEOC would voluntarily strike from paragraph 10 of its Original Complaint the following language: "and was advised that she should present the matter to TENT's Board for further action" and "which included directly confronting the physician about his behavior while keeping the identity of the employee witness confidential."

However, the remaining language at issue does not reveal confidential attorney-client communications.  The general averment that Ms. Farris contacted the attorney regarding how to proceed and that the attorney indicated an unspecified course of action reveals no substantive content of what was discussed.  See <u>Upjohn Co. et al v. United States</u>, 449 U.S. 383, 395-96 (1981); <u>see also</u> <u>In re LTV Securities Litigation</u>, 89 F.R.D. 595, 603 (N.D. TX 1981). Thus, this language should not be striken.

Paragraph 11 of Plaintiff's Original Complaint alleges in pertinent part: "Ms. Farris advised the Board about the physician's behavior at its March 2003 meeting and the guidance she received from the attorney."  Dkt. # 1 at p. 3, ¶11.  **Defendant admits "...Ms. Farris**

4

**advised the Board of allegations about a physician in March 2003."**  Dkt. #10 at p. 3, ¶11.

The remaining language at issue in paragraph 11 again does not reveal the substance of TENT's

attorney's advice, only the fact that Ms. Farris conveyed advice to the Board.  See Upjohn Co. et

al v. United States, 449 U.S. 383, 395-96 (1981); see also In re LTV Securities Litigation, 89

F.R.D. 595, 603 (N.D. TX 1981).  Because the actual guidance is not disclosed, this language

should not be striken.

C.    Language in Paragraphs 13 and 15 of Plaintiff's Original Complaint Regarding Contacts
      Ms. Farris Initiated on Her Own Behalf to Report Retaliatory Mistreatment Should Not
      Be Striken.

Paragraph 13 of Plaintiff's Original Complaint alleges in pertinent part:  "The following

month, Ms. Farris wrote to TENT's corporate counsel advising him of the negative reaction to

her report and that working conditions had deteriorated because of the mobilization efforts

against her.  He made no response to this letter."  Dkt. #1 at p. 4, ¶13.  **Defendant admits**

**"…Ms. Farris wrote to TENT's corporate counsel."** Dkt. #10 at p.3, ¶13.  It is important to

recognize that Ms. Farris contacted TENT's attorney on her own behalf not to seek legal advice

on behalf of TENT, but to report the mistreatment she suffered after taking a subordinate

employee's complaint before the Board.  Ms. Farris's letter to the attorney put TENT on notice

that physicians and staff members loyal to the physician about whom the complaint was made

turned on Ms. Farris for taking the matter before the Board.  Moreover, the attorney's inaction

cannot be fairly characterized as a "confidential communication."   Thus, no language in

paragraph 13 of Plaintiff's Original Complaint should be striken.

Paragraph 15 of Plaintiff's Original Complaint alleges in its entirety:  "Ms. Farris again

wrote to TENT's corporate counsel advising him what had occurred and told him about the

document presented to her.  She also indicated that she felt she was being retaliated against for

reporting the physician's conduct.  She received no response to this letter." Dkt. #1 at p. 5, ¶15. Defendant has reserved the right to answer with respect to the allegedly privileged communications and denies the remaining allegations. Dkt. #10 at p.4, ¶15.   Ms. Farris independently wrote to TENT's attorney a second time, again for the purpose of reporting the mistreatment she was forced to endure for having addressed an employee's complaint, including her receipt of a "Counseling Statement" outlining alleged performance deficiencies.  Because she acted on her own behalf, not TENT's, and because no confidential communications are revealed, no language in paragraph 15 of Plaintiff's Original Complaint should be striken.

D.    <u>Plaintiff Seeks Leave to Amend its Original Complaint to Remove from Paragraph 10 Language that Arguably Could be Construed as Privileged Communications.</u>

Federal law and the Federal Rules of Civil Procedure favor granting leave to amend.  <u>See</u> <u>Lyn-Lea Travel Corp. v. American Airlines, Inc.</u>, 283 F.3d 282, 286 (5th Cir. 2002); FED. R. CIV. P. 15(a)("[L]eave should be freely given when justice so requires.").   EEOC respectfully requests this Court grant leave to amend its Original Complaint to remove from paragraph 10 the following language which could arguably be construed as revealing confidential communications: "and was advised that she should present the matter to TENT's Board for further action" and "which included directly confronting the physician about his behavior while keeping the identity of the employee witness confidential."  EEOC's proposed Amended Original Complaint is attached as Exhibit A.

### III. CONCLUSION

EEOC should be granted leave to amend its Original Complaint to remove from paragraph 10 language regarding the substance of what TENT's attorney advised Ms. Farris. Because the remaining language at issue in paragraphs 10, 11, 13 and 15 of Plaintiff's Original Complaint details factual events not subject to the privilege accorded attorney-client

communications, including contacts Ms. Farris initiated on her own behalf to TENT's attorney to

report her own retaliatory mistreatment, Defendant's Motion to Strike should be denied.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By:  /s/ Aimee L. McFerren
Aimee L. McFerren
Attorney-in-Charge
KY Bar No.: 89912
S.D. of Tex. Bar No.: 36953
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3390
Fax: (713) 209-3402

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

On November 30, 2005, counsel for Plaintiff and Defendant conferred.  Defendant is
unopposed to Plaintiff's motion to amend.

/s/ Aimee L. McFerren
Aimee L. McFerren

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Response to Defendant's Motion to Strike Privileged
Communication and Plaintiff's Motion for Leave to Amend was filed electronically through the
Court's CM/ECF System and was automatically copied to Defendant through the Court's
electronic filing system.

/s/ Aimee L. McFerren
Aimee L. McFerren