UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Plaintiff*, | § § § § | |
| vs. | § | CIVIL ACTION H-05-3374 |
| TEXAS EAR, NOSE & THROAT CONSULTANTS, P.L.L.C. *Defendant.* | § § § § § | |

**MEMORANDUM AND ORDER**

Before the court[1] is defendant Texas Ear, Nose & Throat Consultants, P.L.L.C.'s ("TENT") motion to strike paragraphs 10, 11, 13, and 15 of plaintiff Equal Employment Opportunity Commission's complaint (Dkt. 9). The EEOC has filed a response and a related motion for leave to amend their complaint by deleting contested portions of paragraph 10 (Dkt. Nos. 12, 13). For the reasons explained below, the motion for leave to amend paragraph 10 of the complaint is granted, and the motion to strike the remaining paragraphs (11, 13, and 15) is denied.

In its complaint, the EEOC alleges that TENT engaged in unlawful employment discrimination against Sally Farris, a former practice administrator or office manager for TENT. TENT contends that Farris disclosed communications

---

[1] This case has been referred to this court for all pretrial matters by U.S. District Judge Lynn Hughes.

protected by the attorney-client privilege to the EEOC and the EEOC in turn published these privileged communications in paragraphs 10, 11, 13, and 15 of the complaint. TENT requests the court strike all references in these paragraphs to what Farris said to TENT's attorney, or what TENT's attorney said to her, because "these communications were for the purpose of obtaining legal advice or were legal advice subject to the privilege accorded attorney-client communications."[2]

The EEOC has agreed to remove disputed language from paragraph 10 of its complaint and has accordingly requested leave to file an amended complaint to reflect this change. This motion for leave to amend was filed well before the deadline set in the scheduling order, and the court will therefore grant such leave pursuant to Federal Rule of Civil Procedure 15(a).

On the remaining paragraphs of the complaint, however, the EEOC stands firm on the complaint as submitted. The EEOC affirms that "most of the language [TENT] moves to strike relates to purely factual events which are not subject to the privilege accorded attorney-client communications."[3] The court agrees. The statements in paragraphs 11, 13, and 15 are not confidential attorney-client communications and are therefore not privileged. Paragraph 11 describes Farris relating to TENT's Board

---

[2] Dkt. 9.

[3] Dkt. 12.

of Directors the purported behavior of a physician and that TENT's corporate counsel gave her guidance in dealing with it. This paragraph does not put forward the substance of corporate counsel's advice; it merely relates the Farris informed the Board of such advice. Paragraphs 13 and 15 state that Farris twice wrote to TENT's corporate counsel to tell him that she felt she had been retaliated against for going to the Board.

A corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). Farris, however, was clearly not acting as a corporate representative seeking to obtain legal services on behalf of TENT when she sent these letters; these letters were sent to notify TENT that Farris believed that she was being unlawfully retaliated against by TENT. *Cf. Upjohn Co. et al. v. United States*, 449 U.S. 383, 395 (U.S. 1981) (attorney-client privilege extends only to communications; it does not protect disclosure of underlying facts by those who communicated with an attorney). There is no aspect of TENT's confidential communications with its counsel implicated here.

The motion to strike is therefore denied.

Signed on March 10, 2006, at Houston, Texas.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge